

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2002

# USA v. Andrews

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Andrews" (2002). *2002 Decisions*. Paper 411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos: 01-3514/3518
_____


UNITED STATES OF AMERICA

v.

TERRENCE E. ANDREWS,
            Appellant in 01-3514

&

ERIC L. MYRIECKES,
            Appellant in 01-3518


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00014J-1 & 3)
District Judge: Honorable D. Brooks Smith


Submitted Under Third Circuit LAR 34.1(a)
on May 2, 2002

Before: ROTH and STAPLETON Circuit Judges
        POLLAK*, District Judge

(Opinion filed July 16, 2002)


     * Honorable Louis H. Pollak, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation


O P I N I O N

ROTH, Circuit Judge:
     Defendant-Appellants Terrence Andrews and Eric Myrieckes pled guilty to
possessing crack cocaine with intent to sell and to conspiracy to sell crack cocaine.  They
appeal a variety of rulings by the District Court.  Myrieckes challenges the denial of a
motion to suppress.  Andrews challenges both his guilty plea and his sentence.  We will
affirm the District Court on each assignment of error.
I.  Factual and Procedural History
     Acting on the basis of a tip from a confidential informant, the police stopped and
searched the car Andrews and Myrieckes were riding in.  In the car the police found more
than 30 grams of crack cocaine and arrested Andrews, Myrieckes and the driver.  After
their arrest, both Defendants were indicted for possessing crack cocaine with the intent to
sell and for conspiracy to sell crack cocaine.  They both filed a motion to suppress
evidence of the crack cocaine seized incident to their arrest.  The motions were denied.
Both men then pled guilty to all charges.  Myrieckes pled guilty on the condition that he

could appeal the denial of his suppression motion. Andrews gave an unconditional guilty plea. Soon afterwards, Andrews filed a motion to withdraw his guilty plea alleging ineffective assistance of counsel. After that motion was denied, he replaced his counsel and filed another motion to withdraw his guilty plea. That motion was also denied. The District Court then sentenced defendants and they appealed.

II. Discussion

A. Defendant Myrieckes

Myrieckes contends that the District Court erred by denying his motion to suppress evidence of the drugs found in the car. Police may, however, stop and search a car when they have a reasonable suspicion of criminal activity, United States v. Hensley, 469 U.S. 221, 226 (1985). Here, there was more than enough evidence to meet that standard. The police received a tip from an informant who was willing to meet with the police and to sign a statement that he understood giving false information to the police was a crime. A tipster willing to identify himself to police is more reliable than an anonymous tipster. See United States v. Valentine, 232 F.3d 350, 354 (3rd Cir. 2000). To create reasonable suspicion, a tipster must predict some, but not necessarily all, of the suspects' actions. See Alabama v. White, 496 U.S. 325 (1990). This tipster was quite accurate. He correctly predicted that Myrieckes, Andrews, and a woman would leave town with a woman driving. He correctly identified the time they would leave and even gave the licence number of the car. He also claimed the defendants were going to Cleveland. The police saw the defendants return to town on one of the main routes from Cleveland after being gone for a period of time consistent with a trip to Cleveland. In addition the police had arrested both defendants several times on suspicion of drug activity. That is sufficient information to create a reasonable suspicion of criminal activity.

We will affirm the denial of the motion to suppress.

### B. Defendant Andrews

Andrews raises three issues on appeal, two challenging his sentence, one challenging his guilty plea. His first claim is that the District Court committed clear error when it found that he was not a minor participant in the drug conspiracy and thus refused to grant him a two level downward departure pursuant to 3B1.2(b) of the sentencing guidelines. U.S.S.G. 3B1.2(b). He contends that the evidence shows that he was less culpable than Myrieckes. We cannot agree. Although Andrews did not own or drive the car, did not bring the scale ostensibly used for weighing the drugs, was not identified by the informant as a drug dealer, and may have depended on Myrieckes's connections in Cleveland to acquire the drugs, there is substantial evidence of his culpability. Andrews, with Myrieckes, asked the driver of the car for a ride to Cleveland, rode to Cleveland to get the drugs, discussed future profits from the sale of the drugs, and had drugs on or near his person when arrested. This evidence indicates Andrews was Myrieckes' partner. We therefore cannot say the District Court committed clear error when it found that Andrews was as culpable as Myrieckes.

Andrews' next issue on appeal also challenges his sentence. He claims that the District Court committed clear error when it found that there were 37.8 grams of cocaine in the car. See United States v. Miele, 989 F.2d 659, 663 (3rd Cir. 1993) (stating that findings of fact are reversed only if clearly erroneous). He contends the District Court should have credited defense experts, who testified that the drugs weighed slightly under 35 grams. The District Court, however, found the government's witnesses more credible than the defense's experts. The witnesses presented by the government actually weighed the drugs themselves and testified live before the District Court. Andrews' expert did not even weigh the drugs himself, allowing an employee to do it while he was away, and the expert testified over the telephone. Under these circumstances, we cannot say that the District Court's decision to find the government's witnesses more credible is clear error.

Andrews's final issue on appeal is a challenge to his guilty plea. He asks us to amend his plea agreement to make it conditional on an appeal of his motion to suppress the drugs found in the search of the car. He argues that we should do so because he received ineffective assistance of counsel; his first attorney, he claims, incorrectly told him that his plea was conditional. Generally, we refuse to hear claims for ineffective assistance of counsel on direct appeal, preferring to hear those claims on collateral attack under 28 U.S.C. 2255. See United States v. Haywood, 155 F.3d 674, 678 (3rd Cir. 1998). Because, however, we are able to decide this issue now, we will address it. See Government of the Virgin Islands v. Zepp, 748 F.2d 125, 133-34 (3rd Cir. 1984).

We find Andrews' claim to be without merit.  The standard for determining ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  It consists of two components:  "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  Id. at 687.  Here, we do not need to examine the first component, i.e., whether or not Andrews' attorney told him that his plea was conditional, because clearly Andrews cannot show prejudice.  Whether or not his plea was conditional, we have denied the motion to suppress as we set forth above in our discussion of Myrieckes' plea.  Therefore, even if Andrews' plea had been conditional on pursuing an appeal of the denial of the motion to suppress, the appeal on that point would have failed.

For the reasons stated above, we will affirm the judgments of conviction and of sentence of both defendants.

_____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

/s/ Jane R. Roth
                Circuit Judge